

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T  212.335.4500

July 29, 2013
*BY ECF*

Hon. Brian M. Cogan, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Linde, et al. v. Arab Bank, PLC*, **Case No. 04-CV-2799 (BMC) (VVP) and related cases**

Dear Judge Cogan:

The undersigned is lead trial counsel for Defendant Arab Bank PLC (the "Bank") in the above-referenced actions.[1] Today, we sent to Plaintiff's counsel a supplement to the proposed Joint Pre-Trial Order which was submitted on July 1, 2013, two days before the July 3 referral of these proceedings to your Honor. The supplement adds several expert witnesses to the Pre-Trial Order, all of whom have been earlier disclosed, submitted reports, and have, save but three, been deposed by Plaintiffs. Plaintiffs' counsel, Michael Elsner, asked that we "file the supplement with the Court today in order that it may be addressed on Tuesday. In your letter to the Court seeking to supplement the PTO, Plaintiffs' objections should be noted." Plaintiffs' objections are that the expert witnesses in the supplement have been specifically excluded by Judge Gershon's prior orders, and that the supplement is "untimely." (Ex. A.)

In rulings issued between 2011 and 2013, Judge Gershon excluded expert testimony proffered by the Bank on the grounds of relevance and/or prejudice before the completion of the Pre-Trial Order, and before the actual introduction of evidence at trial. In the Second Circuit as well as others, the district judge who presides over the trial decides the admissibility of evidence:

---

[1] The following related cases have been consolidated with *Linde* for the purposes of discovery and other pretrial proceedings: *Litle, et al. v. Arab Bank*, PLC, No. CV-04-5449 (E.D.N.Y. 2004) (BMC)(VVP); *Almog, et al. v. Arab Bank, PLC*, No. CV-04-5564 (E.D.N.Y. 2004) (BMC)(VVP); *Coulter, et al. v. Arab Bank, PLC*, No. CV-05-365 (E.D.N.Y. 2005) (BMC)(VVP); *Afriat-Kurtzer, et al. v. Arab Bank, PLC*, No. CV-05-388 (E.D.N.Y. 2005) (BMC)(VVP); *Bennett, et al. v. Arab Bank, PLC*, No. CV-05-3183 (E.D.N.Y. 2005) (BMC)(VVP); *Roth, et al. v. Arab Bank, PLC*, No. CV-05-3738 (E.D.N.Y. 2005) (BMC)(VVP); *Weiss, et al. v. Arab Bank, PLC*, No. CV-06-1623 (E.D.N.Y. 2006) (BMC)(VVP); *Jesner, et al. v. Arab Bank, PLC*, No. CV-06-3869 (E.D.N.Y.) (BMC)(VVP); *Lev, et al. v Arab Bank, PLC*, No. CV-08-3251 (E.D.N.Y. 2008) (BMC)(VVP); and *Agurenko, et al. v. Arab Bank, PLC*, No. CV-10-626 (E.D.N.Y. 2010) (BMC)(VVP).



Hon. Brian M. Cogan, U.S.D.J.
July 29, 2013
Page Two

> The doctrine of the law of the case is not an inviolate rule in this Circuit. . . . the law of the case is, at best, a discretionary doctrine which 'does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided. . . .'

\* \* \*

> Although the law of the case ordinarily governs, special considerations come into play when the admissibility of evidence is involved. The judge who actually presides at trial must be accorded wide discretion in deciding either to admit or exclude evidence, since it is he who determines the course which the trial is to take. . . . When a trial judge believes evidence to be relevant, 'it could be reversible error to blindly adhere to (a) prior order. . . .' Thus, in deciding to admit the proffered evidence, the trial record to that point should be the decisive factor, not a pre-trial order of another judge. *United States v. Birney*, 686 F. 2d 102, 107 (1982); *see also United States v. Angelo*, 87 Fed. Appx. 205 (2d Cir. 2004, summary ruling).

In a case directly on point, *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1997), the court held as to the admission of defense expert testimony:

> . . . interlocutory orders and rulings made pre-trial by a district judge are subject to modification at any time prior to final judgment and may be modified to the same extent if the case is reassigned to another judge.

In the present case, although Judge Gershon excluded many of the Bank's expert witnesses on the grounds of relevance or prejudice, when Judge Weinstein of this Court considered substantially the same experts based on the same record, he concluded the experts' testimony was relevant and admissible. *Gill v. Arab Bank PLC*, 893 F. Supp. 523 (E.D.N.Y. 2012). The question of the admissibility of the expert witnesses in the Bank's supplement to the Pre-Trial Order, all of whom were revealed to the Plaintiffs long ago, is for this Court to decide.

Respectfully yours,

Shand S. Stephens /apc
Anthony P. Coles

cc: Magistrate Judge Viktor V. Pohorelsky (by hand delivery)
   All counsel of record (by email)