UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COURTNEY LINDE, et al.,<br>              Plaintiffs,<br><br>   -against-<br><br>ARAB BANK, PLC,<br>              Defendant. | 04-CV-2799 (BMC)(PK)<br>and related ATA cases[1] |

BMC

## ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

In September 2014, Defendant Arab Bank, PLC was found liable under the civil liability provisions of the Anti-Terrorism Act ("ATA"), 18 U.S.C. §2333(a) *et seq.*, for claims brought by American citizens who were the victims, or relatives of victims, of terrorist attacks. A bellwether damages trial (the "Bellwether Trial") was scheduled to commence on August 17, 2015 to determine the damages to be awarded certain Plaintiffs (the "Bellwether Plaintiffs") in three (3) of the twenty-two (22) attacks. At the request of the parties, the Court adjourned the Bellwether Trial to May 16, 2016.

Pursuant to the global settlement agreement between the Defendant and all Plaintiffs in these related actions, including the Bellwether Plaintiffs set forth below, the parties have now filed a joint stipulation with the Court to enter a final judgment for the Bellwether

---

[1] *Philip Litle, et al. v. Arab Bank, PLC*, No. 04-CV-5449 (E.D.N.Y.) (BMC)(PK); *Oran Almog v. Arab Bank, PLC*, No. 04-CV-5564 (E.D.N.Y.) (BMC)(PK); *Robert L. Coulter, Sr., et al. v. Arab Bank, PLC*, No. 05-CV-365 (E.D.N.Y.) (BMC)(PK); *Gila Afriat-Kurtzer v. Arab Bank, PLC*, No. 05-CV-388 (E.D.N.Y.) (BMC)(PK); *Michael Bennett, et al. v. Arab Bank, PLC*, No. 05-CV-3183 (E.D.N.Y.) (BMC)(PK); *Arnold Roth, et al. v. Arab Bank, PLC*, No. 05-CV-3738 (E.D.N.Y.) (BMC)(PK); and *Stewart Weiss, et al. v. Arab Bank, PLC*, No. 06-CV-1623 (E.D.N.Y.) (BMC)(PK).

Plaintiffs set forth below (the "Stipulation") pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The parties, in the Stipulation, agree, *inter alia*:

1. To entry of final judgment pursuant to Rule 54(b) in favor of the Bellwether Plaintiffs set forth below, including damages as set forth below which are inclusive of all costs, attorneys' fees, interest, and other charges or fees of any type, and the statutory trebling of damages under the ATA;

2. There is no just reason for a delay in the entry of final judgment pursuant to Rule 54(b) in favor of the Bellwether Plaintiffs set forth below;

3. To stay enforcement of the final judgment and all further pre-trial and trial proceedings against the Bank in this Court pending the resolution of a timely appeal filed by the Defendant; and

4. To waive any requirement for the Defendant to post a bond as a condition of taking such an appeal.

Because the parties have represented that recovery against the Defendant by all Plaintiffs in these related actions, including the Bellwether Plaintiffs set forth below, will be substantially affected by the outcome of an appeal of the liability verdict, there remains a live controversy between the parties, *see, e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 371 (1982), and interests of sound judicial administration and efficiency would be served by an immediate appeal of a final judgment for the Bellwether Plaintiffs set forth below, *see, e.g.*, *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10-12 (1980). Thus, the Court finds that there is no just reason for a delay in the entry of final judgment pursuant to Rule 54(b) given: (i) the agreement of the parties as set forth above to the entry of this judgment; (ii) that this final judgment resolves all claims asserted by the Bellwether Plaintiffs set forth below against Defendant; (iii) that a

2

prompt appeal of this judgment will result in a definitive resolution of all these related actions and the liability issues that continue to divide the parties and are common to all Plaintiffs; and (iv) that issues of judicial economy will accordingly be served thereby.

Therefore, for the reasons stated herein, and the Stipulation having been So Ordered by the Court, the Clerk of the Court is hereby directed to enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in favor of the following Plaintiffs and against the Defendant in the amounts stated below:

| | | |
|---|---|---|
| 1. | Eugene Goldstein | $13,500,000.00 |
| 2. | Lorraine Goldstein | $13,500,000.00 |
| 3. | Barbara Goldstein-Ingardia | $3,750,000.00 |
| 4. | Chana Freedman | $3,750,000.00 |
| 5. | Richard Goldstein | $3,750,000.00 |
| 6. | Michael Goldstein | $3,750,000.00 |
| 7. | Philip Litle | $10,500,000.00 |
| 8. | Heidi Litle | $10,500,000.00 |
| 9. | Hannah Litle | $4,500,000.00 |
| 10. | Josiah Litle | $4,500,000.00 |
| 11. | Elishua Litle | $4,500,000.00 |
| 12. | Noah Litle | $4,500,000.00 |
| 13. | Rachel Shaked (nee Rachel Laham) | $2,250,000.00 |
| 14. | Yossef Cohen | $12,250,000.00 |
| 15. | Ayelet Attias | $2,250,000.00 |
| 16. | Yehuda Eliyahu a/k/a Jeff Elliot | $2,250,000.00 |

inclusive of all costs, attorneys' fees, interest, and other charges or fees of any type, and the statutory trebling of damages under the ATA. The parties have agreed that the amounts set forth above are compromises of disputed damages amounts so that this appeal can be taken without further delay.

The Court certifies that its disposition of these claims presents no just reason for delay. The Court further orders that enforcement of this judgment and all further pre-trial and trial proceedings against the Bank in the above-captioned related actions are hereby stayed pending the resolution of a timely appeal of this judgment by the Defendant. Pursuant to the

Stipulation, it is further ordered that the Defendant shall not be required to post a bond as a condition of appealing this judgment.

IT IS SO ORDERED

   May 24, 2016
_____                                 _____
Date                                                           U.S. District Judge Brian M. Cogan